STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOWN NORTH BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-03125-L |
| | § | |
| SHAY FINANCIAL SERVICES, INC., | § | |
| UBS FINANCIAL SERVICES, INC., | § | |
| MORGAN STANLEY & CO., LLC., | § | |
| MERRILL LYNCH & CO., INC., | § | |
| MERRILL LYNCH, PIERCE, FENNER | § | |
| & SMITH INCORPORATED, and J.P. | § | |
| MORGAN SECURITIES LLC, | § | |
| Successor In Interest to | § | |
| BEAR STEARNS & CO., INC., | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE COURT:

Pursuant to the Court's "Order Requiring Attorney Conference and Status Report" dated March 23, 2012 (Dkt. # 47) (the "Order"), Plaintiff Town North Bank, N.A. ("Plaintiff" or "Town North Bank") and Defendants Shay Financial Services, Inc., UBS Financial Services, Inc., Morgan Stanley & Co., LLC, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and J.P. Morgan Securities LLC, Successor In Interest to Bear Stearns & Co., Inc. (collectively referred to as "Defendants") hereby file this Joint Status Report ("Joint Report").

Counsel for all parties conferred at length on April 5, 2012, and in the joint preparation of this Status Report, and have discussed each of the matters set forth in the Order.

### A.   Discovery Plan.

The parties request that the Court allow the parties to defer proposing a discovery plan until after the Defendants' Motions to Dismiss the Complaint and Defendants' contemplated motions to dismiss the Amended Complaint, filed April 9, 2012, have been determined by the Court. The Private Securities Law Reform Act of 1995 ("PSLRA") imposes a general stay of discovery while motions to dismiss are pending. (*See* 15 U.S.C.A. § 78u-4(b)(3)(B), quoted in Item B.6 below.) The parties believe that it is premature to propose a discovery plan while the general stay of discovery is in effect, since the parties do not presently know when or if the stay will be lifted and discovery will commence.

For similar reasons, the parties request that any objections to initial disclosures required by Fed. R. Civ. P. 26 (a) (1) be deferred during the stay of discovery imposed by the PSLRA.

### B.   Additional Matters to be Addressed Under the Order.

Unless otherwise indicated, the parties are in agreement with respect to the information submitted in the following numbered paragraphs (1) through (12) of this Joint Report.

### 1.   A brief statement of the nature of the case, including the contentions of the parties.

This is a securities fraud case. Plaintiff contends that Defendants made material omissions in connection with the sales of different securities to Plaintiff. Plaintiff contends that it purchased securities from Defendants that Plaintiff would not have purchased if, among other things, Defendants had disclosed the Undisclosed Material Information (as defined and set forth in Plaintiff's Amended Complaint). Plaintiff contends Defendants' wrongful conduct caused Plaintiff to suffer substantial damages, in excess of $113,000,000, including losses of its investment capital and additional, incidental damages suffered by the impairment of its capital structure. Plaintiff contends the conduct of Defendants violated (i) Section 10(b) of the

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (ii) the Texas Securities Act, Tex. Rev. Civ. Stat. Ann., art. 581-33 [Vernon Supp. 2009], and (iii) common law of the state of Texas. Plaintiff also contends, only as to Defendant Shay Financial Services, Inc. ("Shay"), that Shay had a special relationship of trust and confidence with Plaintiff giving rise to a fiduciary duty and that Shay breached that fiduciary duty in connection with the events alleged in this lawsuit.

Defendants deny all of Plaintiff's material allegations. Defendants previously moved to dismiss Plaintiff's Complaint and intend to move to dismiss Plaintiff's Amended Complaint on the basis that it fails to plead adequately the required elements of Plaintiff's claims and that Plaintiff's claims are time-barred under the applicable statutes of limitations.

**2.      Any challenge to jurisdiction or venue.**

None.

**3.      Any pending or contemplated motions and proposed time limits for filing motions.**

Defendants have filed motions to dismiss Plaintiff's Complaint and intend to file motions to dismiss Plaintiff's Amended Complaint. The time limits for filing the motions, the responses by Plaintiff and any replies by Defendants are set forth in a separate motion filed by Defendants on April 24, 2012.

**4.      Any matters which require a conference with the court.**

None at this time.

**5.      The deadline for amendment of pleadings and the likelihood that other parties will be joined.**

Plaintiff requests that it be permitted to propose a deadline for amendment of pleadings after the Court has ruled on the motions to dismiss. Plaintiff's Amended Complaint added one additional defendant, Merrill Lynch, Pierce, Fenner & Smith Incorporated. Service of process

has been accepted by counsel for Defendant Merrill Lynch & Co., Inc.  Plaintiff does not know at this time whether it will seek to join other parties, and if discovery discloses that additional parties should be joined, Plaintiff reserves the right to file a motion to that effect under a schedule to be determined later in the case.

Defendants contend that Plaintiff's Amended Complaint should be dismissed with prejudice and that Plaintiff should not be permitted to file a further amended complaint against any Defendants whose motion to dismiss Plaintiff's Amended Complaint is granted.  In the event that additional amended pleadings are permitted, Defendants join in Plaintiff's request that the parties be permitted to propose a deadline for such amendments after the Court has ruled on the motions to dismiss.

6.    **(a) An estimate of the time needed for discovery, with reasons,  (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery.  If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

The PSLRA provides as follows:

"In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

PSLRA, 15 U.S.C.A. § 78u-4(b)(3)(B).

The parties presently do not contemplate seeking discovery during the pendency of the motions to dismiss, and reserve the right to seek particularized discovery, if necessary, under the PSLRA section quoted above while the general stay of discovery is in effect.  The parties request that the Court allow the parties to propose a discovery plan and address the specific estimate of time needed for discovery, scope of discovery, and limitations, if any, on discovery, after the motions to dismiss have been determined.

7.    **A statement that counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Tex. 1988), and that counsel have read  and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Tex 1988), and counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

8.    **Requested trial date, estimated length of trial, and whether jury has been demanded.**

A jury has been demanded.  The parties request that their response as to length of trial and trial date be deferred until after the motions to dismiss have been determined.

9.    **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Renee Harris Toliver;**

The parties do not consent to trial before the U.S. Magistrate Judge.

10.    **Prospects for settlement, and status of any settlement negotiations;**

The prospects for settlement are unknown at this time and there have been no settlement negotiations.

11.    **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

Defendants do not currently contemplate agreeing to mediation or to other alternative dispute resolution, but agree to re-visit this question, including the timing of any such mediation or other alternative dispute resolution, at a later stage of the case after the court rules on the motions to dismiss.

12.    **Any other matters relevant to the status and disposition of this case.**

None at this time.

Dated:  April 24, 2012.

Respectfully submitted,


/s/  Stuart M. Reynolds
Stuart M. Reynolds, Jr.
State Bar No. 16805700
Steven A. Schneider
State Bar No. 17790550
**SCHNEIDER & MILLER, P.C.**
300 N. Coit Road, Suite 1125
Richardson, Texas  75080
Telephone:  (972) 479-1112
Telecopy:  (972) 479-1113
Email:  steve@schneidlaw.com
Email:  stuart@schneidlaw.com

**ATTORNEYS FOR PLAINTIFF
TOWN NORTH BANK, N.A.**


GIBSON, DUNN & CRUTCHER LLP

*/s/ Brian Edward Robison*
Brian Edward Robison
State Bar No.  00794547
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone:     (214) 698-3370
Facsimile:      (214) 571-2928
Email:  BRobison@gibsondunn.com

**ATTORNEYS FOR DEFENDANT UBS
FINANCIAL SERVICES INC.**

FULBRIGHT & JAWORSKI L.L.P.

_/s/ Ellen Sessions_
   Ellen Sessions
   State Bar No.  00796282
   Rodney Acker
   State Bar No.  00830700
   Nicholas K. Taunton
   State Bar No.  24079439
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:    (214) 855-8000
Facsimile:    (214) 855-8200
Email:  sessions@fulbright.com
Email:  racker@fulbright.com
Email:  ntaunton@fulbright.com

   James P. Rouhandeh*
   Daniel J. Schwartz*
   Paul S. Mishkin *
   *admitted _pro hac vice_
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Email:  rouhandeh@davispolk.com
Email:  daniel.schwartz@davispolk.com
Email:  paul.mishkin@davispolk.com

**ATTORNEYS FOR DEFENDANT
MORGAN STANLEY & CO. LLC**

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

_/s/ Noelle M. Reed_
Noelle M. Reed
State Bar No.  24044211
Heather A. Lohman
State Bar No.  24027008
1000 Louisiana Street, Suite 6800
Houston, TX  77002-5026
Telephone:     (713) 655-5122
Facsimile:      (713) 483-9122
Email: Noelle.Reed@Skadden.com
Email: Heather.Lohman@Skadden.com

**ATTORNEYS FOR DEFENDANTS
MERRILL LYNCH & CO., INC., AND
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED**

GREENBERG TRAURIG, LLP

*/s/ Stephen C. Carlin*
Stephen C. Carlin
State Bar No. 03807700
Marc D. McPeak
State Bar No. 24039050
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone:    (214) 665-3600
Facsimile:    (214) 665-3601
Email: carlins@gtlaw.com
Email: mcpeakm@gtlaw.com

Eric N. Whitney
State Bar No. 00785241
Anastasia A. Angelova*
Richard A. Edlin*
*admitted *pro hac vice*
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone:    (212) 801-9200
Facsimile:    (212) 801-6400
Email: whitneye@gtlaw.com
Email: angelovaa@gtlaw.com
Email: edlinr@gtlaw.com

Michael T. Reynolds*
Kevin J. Orsini*
*admitted *pro hac vice*
CRAVATH SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:    (212) 474-1000
Facsimile:    (212) 474-3700
Email: mreynolds@cravath.com
Email: korsini@cravath.com

**ATTORNEYS FOR DEFENDANT J.P. MORGAN SECURITIES LLC,** *Successor in Interest to Bear Stearns & Co., Inc.*

PATTON BOGGS LLP

_/s S. Cass Weiland_
    S. Cass Weiland
    State Bar No.  21081300
2000 McKinney Avenue, Suite 1700
Dallas, TX  75201
Telephone:    (214) 758-1500
Facsimile:    (214) 758-1550
Email:  cweiland@pattonboggs.com

  Mark R. McDonald*
  *admitted _pro hac vice_
MORRISON & FOERSTER LLP
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013-1024
Telephone:    (213) 892-5810
Facsimile:    (213) 892-5454
Email:  mmcdonald@mofo.com

**ATTORNEYS FOR DEFENDANT SHAY
FINANCIAL SERVICES, INC.**

S:\Town North Bank - CDO Litigation\Pleadings\Joint Status Report v.3 (CLEAN Revised by S&M 4-23-12).doc