IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOWN NORTH BANK, N.A.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3125-L** |
| | § | |
| **SHAY FINANCIAL SERVICES, INC.,** | § | |
| **UBS FINANCIAL SERVICES INC.,** | § | |
| **MORGAN STANLEY& CO. LLC,** | § | |
| **MERRILL LYNCH & CO., INC.,** | § | |
| **MERRILL LYNCH, PIERCE, FENNER &** | § | |
| **SMITH INCORPORATED,** | § | |
| **J.P. MORGAN SECURITIES LLC,** | § | |
| **successor in interest to** | § | |
| **BEAR STEARNS & CO., INC.,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Shay Financial Services, Inc.'s Motion to Dismiss (Doc. 60), filed May 18, 2012; and Motion to Dismiss Plaintiff's Amended Complaint Against Defendants UBS Financial Services, Inc., Morgan Stanley & Co. LLC, Merrill Lynch & Co., Inc. Merrill Lynch, Pierce, Fenner & Smith Inc., and J.P. Morgan Securities LLC (Doc. 62), filed May 18, 2012. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **denies** Shay Financial Services, Inc.'s Motion to Dismiss (Doc. 60) and Motion to Dismiss Plaintiff's Amended Complaint Against Defendants UBS Financial Services, Inc., Morgan Stanley & Co. LLC, Merrill Lynch & Co., Inc. Merrill Lynch, Pierce, Fenner & Smith Inc., and J.P. Morgan Securities LLC (Doc. 62).

**Memorandum Opinion and Order - Page 1**

## I.      Factual and Procedural Background

Plaintiff Town North Bank, N.A. ("Town North" or "Plaintiff") filed this action on November 11, 2011, against Defendants Shay Financial Services, Inc. ("Shay"); UBS Financial Services, Inc.; Morgan Stanley & Co., LLC; Merrill Lynch & Co., LLC; Merrill Lynch, Pierce, Fenner & Smit Incorporated; and J.P. Morgan Securities LLC, as successor in interest to Bear Stearns & Co., Inc. (collectively, "Defendants").[1] Town North asserts claims against Defendants for alleged violations of federal and state securities laws, fraud, and breach of fiduciary duty that allegedly caused Town North to sustain approximately $113 million in damages in connection with the offer and sale to Plaintiff of various asset-backed securities.   Town North contends that Defendants materially misled it about the risk of loss associated with the securities at issue and specifically failed to disclose that the securities were subject to greater risk than represented at the time of the sale.   Plaintiff contends that Defendants had a duty to speak because they knew the offering documents presented contained misleading information and Defendants nevertheless failed to disclose or correct the misleading information.   On May 18, 2012, Shay moved to dismiss all of Plaintiff's claims against it.   On the same day, the Bank Defendants also moved to dismiss Plaintiff's claims.   Both motions to dismiss were filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Subsequently, Shay joined in the arguments made in the Bank Defendants' motion to dismiss.

## II.      Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

---

[1] The court refers to all Defendants except Shay as "the Bank Defendants."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.     Standard for Rule 9(b) - Heightened Standard for Pleading Fraud

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-

CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011)

(citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)).  Rule 9(b) contains

a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud

with particularity.  *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148,

153 (5th Cir. 2010).  "[A]rticulating the elements of fraud with particularity requires a plaintiff to

specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*,

112 F.3d 175, 177 (5th Cir. 1997).  "Put simply, Rule 9(b) requires 'the who, what, when, where,

and how' to be laid out" with respect to a fraud claim.  *Benchmark Elecs., Inc. v. J.M. Huber Corp.,*

343 F.3d 719, 724 (5th Cir. 2003).

## IV.    Analysis

Because the two motions to dismiss raise many of the same issues and Shay has joined in the

Bank Defendants' motion, the court addresses them together after setting forth the arguments in each

motion.  Shay contends that it is entitled to dismissal of Town North's claims because: (1) Town

North fails to allege any misstatement or omission with particularity as required by Rule 9(b) and

the PSLRA;[2] (2) Town North fails to allege any basis for a duty owed by Shay to Town North; (3)

Shay is not liable to a third party; (4) Shay cannot base its claims of omissions on publicly available

information; (5) Town North fails to adequately plead scienter; (6) Town North's reliance is

unreasonable; (6) Town North cannot allege causation given the universal decline in value of RMBS[3]

due to the housing crisis; (7) Town North's fiduciary duty claim fails because it alleges no facts

---

[2] "PSLRA" refers to the Private Securities Litigation Reform Act.

[3] "RMBS" refers to residential mortgage-backed securities.

**Memorandum Opinion and Order - Page 5**

establishing a fiduciary duty, fails to meet the heightened standard of Rule 9(b), and a broker-dealer's duty is limited to executing the customer's trades properly; and (8) all of Town North's claims are time-barred, including its federal security claim based on securities offering documents issued before November 11, 2006, its federal and state securities claims based on sales before November 11, 2006.  With regard to its contention that Town North's claims are time-barred, Shay also contends that all claims are time-barred under relevant statute of limitations, and Town North knew or should have known the facts underlying its claims by 2007.

The Bank Defendants contends that they are entitled to dismissal of Town North's claims because: (1) Town North fails to allege any actionable omission in that it has not adequately alleged a duty to disclose; the securities' offering documents disclosed the allegedly undisclosed risks; and Town North has not pled any omission with sufficient particularity under Rule 9(b) and the PSLRA; (2) Town North fails to plead scienter and reliance adequately; (3) Town North cannot plausibly allege causation in light of the universal decline in the value of RMBS and CDO[4] securities due to the housing and credit crisis; (3) Town North fails to plead aiding and abetting liability; and (4) Town North's claims are time-barred, including those based on credit rating allegations, collateral defects, and federal and state securities claims related to the RMBS securities.

Town North contends in response that it has adequately pleaded facts regarding actionable omissions, loss causation, Defendants' duty to disclose, scienter as necessary, and reliance.  With regard to loss causation, Town North contends that it is not required at this stage to rule out competing alternative theories, and while its claims focus more on its purchases of toxic securities

---

[4] "CDO" refers to collateralized debt obligation.

due to omissions by Defendants than market losses, market losses are relevant to the amount of damages it sustained and are the effect of Defendants' omissions because Defendants were active participants in the market collapse rather than passive victims.  Town North maintains that Shay's contention regarding its broker-dealer status does not defeat its breach of fiduciary duty claim under Texas law because Shay "assumed the role to monitor Plaintiff's investments and advise Plaintiff on the spreads achieved and desired on these securities, and any arms' length business transaction that may have existed between the parties was elevated into a fiduciary relationship by the very nature of [Shay's] actions."  Pl.'s Br. 12 (Doc. 73) (internal quotation marks omitted).  Regarding Defendants' statute of limitations arguments, Town North contends that its securities claims are not barred by statutes of repose because, contrary to Defendants' assertion,  its claims are not based on statements or risks disclosures in the offering documents.  Town North further asserts that resolution of Defendants' remaining arguments involves a fact-intensive analysis as to whether Town North knew or should have reasonably known or discovered facts regarding Defendants' securities fraud and Plaintiff's allegations regarding defective collateral and credit ratings.  Town North similarly maintains that the reasonableness of its reliance and whether Defendants owed it a duty of disclosure and fiduciary duties entail consideration of disputed facts.  Town North also contends that, contrary to Defendants' contentions, its claims are not based on publicly available information.  Town North disagrees with Shay's characterization of the information about the securities as being accessible and in the public domain.

**Memorandum Opinion and Order - Page 7**

After carefully reviewing the parties' briefing, extensive appendices submitted in support of the motions and responses, applicable law,[5] and Plaintiff's detailed 67-page Amended Complaint, the concludes that Town North has satisfied its pleading burden at this stage of the litigation with respect to all of its claims, including those that are subject to Rule 9(b)'s heightened pleading standard. The court further concludes that a number of the issues raised by Defendants are fact-intensive and therefore better suited for a motion for summary judgment or at trial where competent evidence outside of the pleadings may be considered by the court. The court will therefore deny Defendants' motions to dismiss.

## V.   Conclusion

For the reasons herein stated, the court **denies** Shay Financial Services, Inc.'s Motion to Dismiss (Doc. 60) and Motion to Dismiss Plaintiff's Amended Complaint Against Defendants UBS Financial Services, Inc., Morgan Stanley & Co. LLC, Merrill Lynch & Co., Inc. Merrill Lynch, Pierce, Fenner & Smith Inc., and J.P. Morgan Securities LLC (Doc. 62).

**It is so ordered** this 30th day of March, 2013.

Sam A. Lindsay
United States District Judge

---

[5] The parties briefed extensively the law applicable to Plaintiff's claims and Defendants' defenses. The court appreciates the parties' efforts in this regard and does not believe it is necessary to duplicate their efforts by setting forth all such legal authority in this opinion.

**Memorandum Opinion and Order - Page 8**