IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOWN NORTH BANK, N.A.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3125-L** |
| | § | |
| **SHAY FINANCIAL SERVICES, INC., UBS** | § | |
| **FINANCIAL SERVICES, INC., MORGAN** | § | |
| **STANLEY & CO., LLC, MERRILL** | § | |
| **LYNCH & CO., INC., and J.P. MORGAN** | § | |
| **SECURITIES, LLC,** Successor in Interest | § | |
| to Bear Stearns & Co., Inc., | § | |
| | § | |
| Defendants. | § | |

## ORDER REQUIRING ATTORNEY CONFERENCE AND STATUS REPORT

In accordance with Fed. R. Civ. P. 16(b) and 26(f), counsel and any unrepresented party are directed to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4).  This conference shall take place no later than **April 16, 2013**.

No later than **May 1, 2013**, by **5:00 p.m.**, the parties shall submit a Status Report ("Report") which sets forth the discovery plan proposed by the parties and any objections a party has to initial disclosures required by Rule 26(a)(1).  In addition to the proposed discovery plan and objections, if any, the Report shall address in separate paragraphs each of the following matters:

> (1) A brief statement of the nature of the case, including the contentions of the parties.

**Order Requiring Attorney Conference and Status Report - Page 1**

(2) Any challenge to jurisdiction or venue.

(3) Any pending or contemplated motions and proposed time limits for filing motions.

(4) Any matters which require a conference with the court.

(5) The deadline for amendment of pleadings, and the likelihood that other parties will be joined.

(6) (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.

(7) A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

(8) Requested trial date, estimated length of trial, and whether a jury has been demanded.

(9) Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge **Renee Harris Toliver** per 28 U.S.C. § 636(c). The parties are to simply state that **they** consent or do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent. *See* Fed. R. Civ. P. 73(b).

(10) Prospects for settlement, and status of any settlement negotiations.

(11) Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).

>
>(12) Any other matters relevant to the status and disposition of this case.

Any differences between counsel or unrepresented parties regarding the status of any of the above matters must be set forth in the Report. The Report must be signed by all participating attorneys or unrepresented parties. Any attorney or unrepresented party who fails to sign the Report will be subject to sanctions. Plaintiff's counsel is responsible for initiating the conference and for filing the Report. If Plaintiff is not represented by counsel, counsel for Defendants shall initiate the conference and file the Report. All counsel or unrepresented parties must participate in the conference. The failure of a responsible person to initiate and participate in a conference is not justification for not filing the Report. If any person responsible for initiating and filing the Report fails to do so, the other party or person must submit the Report and state that the responsible person failed to initiate and participate in the conference, or file the Report, as the case may be. The court will decide what disciplinary action or sanctions should be imposed.

Failure to timely submit the Report may result in the imposition of sanctions, including dismissal, without further notice. *See* Fed. R. Civ. P. 16(f).

**Counsel and the parties are directed not to fax the Report or submit any portion of the Report that is a product of a fax, including the signature page, to the court or court clerk for filing. In addition, no facsimile banners shall appear on any page of the Report. The court will allow the faxing of documents to the court or clerk only in truly exceptional or emergency situations. Faxed documents, or any part thereof, which are filed or submitted for filing without prior approval of the court will be unfiled. If an attorney or unrepresented party is unavailable for a signature, the unavailable attorney or unrepresented party may grant his or**

**her permission for another attorney or the unrepresented party to sign the document, as long as such permission is so reflected on the document.**

**The court will not grant any extensions to submit the Status Report.** All questions regarding this order or any scheduling matters should be directed to **Mrs. Michelle Goode, Judicial Assistant (214-753-2365)**.

**It is so ordered** this 1st day of April, 2013.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge