**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TOWN NORTH BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SHAY FINANCIAL SERVICES INC., UBS | § | |
| FINANCIAL SERVICES, INC., MORGAN | § | CIVIL ACTION NO. 3:11-CV-3125-L |
| STANLEY & CO. LLC, MERRILL LYNCH | § | |
| & CO., INC., MERRILL LYNCH, PIERCE, | § | |
| FENNER & SMITH INCORPORATED, and | § | |
| J.P. MORGAN SECURITIES LLC, | § | |
| Successor in Interest to BEAR STEARNS & | § | |
| CO. INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS'
MOTION FOR INTERLOCUTORY APPEAL PURSUANT
TO 28 U.S.C. § 1292(b) AND FOR A STAY OF DISCOVERY**

Dated:  April 29, 2013

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 3

I.     The Court Should Grant Leave for Interlocutory Appeal Regarding the
Bank Defendants' Alleged Affirmative Disclosure Obligation ......................................... 3

II.    The Court Should Grant a Stay of Discovery ................................................................. 12

CONCLUSION ...................................................................................................................... 12

TABLE OF AUTHORITIES

———————————

PAGE

CASES

AG Cap. Funding Partners, L.P. v. State St. Bank & Trust Co.,
        896 N.E.2d 61 (N.Y. 2008)..............................................................................................8

Basic Inc. v. Levinson,
        485 U.S. 224 (1988)....................................................................................................6, 7

Chiarella v. United States,
        445 U.S. 222 (1980)............................................................................................. passim

Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,
        No. 11 Civ. 5994, 2012 WL 2952929 (S.D.N.Y. July 18, 2012) .........................3, 4

Gonzalez v. Nat'l Ins. Crime Bureau,
        427 F. App'x 394 (5th Cir. 2011) ...............................................................................7

Hadjipateras v. Pacifica, S.A.,
        290 F.2d 697 (5th Cir. 1961) .......................................................................................4

Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.,
        537 F.3d 527 (5th Cir. 2008) ....................................................................................6, 7

Ins. Co. of North Am. v. Morris,
        981 S.W.2d 667 (Tex. 1998).................................................................................7, 8, 9

Martinez Tapia v. Chase Manhattan Bank, N.A.,
        149 F.3d 404 (5th Cir. 1998) .......................................................................................8

Meyer v. Cathey,
        167 S.W.3d 327 (Tex. 2005)........................................................................................8

Odle v. Wal-Mart Stores Inc.,
        No. 3:11-cv-2954-O, 2013 WL 66035 (N.D. Tex. Jan. 7, 2013)....................3, 4, 10

Panda Energy Int'l, Inc. v. Factory Mut. Ins.,
        Nos. 3:11-CV-003-K, 3:10-CV-2541-K,
        2011 WL 610016 (N.D. Tex. Feb. 14, 2011)...........................................................4, 10

Rico v. Flores,
  481 F.3d 234 (5th Cir. 2007) ...................................................................................3

Ryan v. Flowserve Corp.,
  444 F. Supp. 2d 718 (N.D. Tex. 2006) ........................................................3, 4, 10

Schlumberger Tech. Corp. v. Swanson,
  959 S.W.2d 171 (Tex. 1997)...................................................................................8

In re Tomlin,
  No. 3:00-CV-1161-T, 3:99-35175-HCA-7,
  2000 WL 1909912 (N.D. Tex. Nov. 21, 2000)................................................4, 10

United States v. O'Hagan,
  521 U.S. 642 (1997).........................................................................................7, 10

<u>STATUTE</u>

28 U.S.C. § 1292(b) ............................................................................... <u>passim</u>

<u>OTHER AUTHORITY</u>

Restatement (Second) of Torts § 551(2)(a) (1976)....................................................1, 7

Defendants UBS Financial Services, Inc., Morgan Stanley & Co. LLC., Merrill Lynch &

Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and J.P. Morgan Securities LLC

(collectively, the "Bank Defendants") respectfully submit this memorandum of law in support of

their motion for an order amending the Court's March 30, 2013 Opinion and Order denying their

motion to dismiss (the "Order"), to permit them to take an interlocutory appeal, pursuant to

28 U.S.C. § 1292(b), to the United States Court of Appeals for the Fifth Circuit, and for a stay of

discovery pending resolution of this motion and the interlocutory appeal.

## PRELIMINARY STATEMENT

In denying the Bank Defendants' motion to dismiss, the Court found that Town North

Bank, N.A. ("Town North") adequately pleaded an affirmative disclosure obligation on the part

of each Bank Defendant.  (Order at 6-8.)  This was a controlling legal determination meriting

interlocutory review by the Fifth Circuit.[1]

Unlike many other securities fraud cases, this case involves only alleged *omissions*, not

any alleged affirmative false, misleading, or incomplete statements by the defendants.  In a pure

omissions case such as this one, there is no cognizable fraud claim absent a *duty to speak*, which

requires either a fiduciary relationship between the plaintiff and defendant, or some other

"similar" relationship of "trust and confidence."  Chiarella v. United States, 445 U.S. 222, 228

(1980) (quoting Restatement (Second) of Torts § 551(2)(a) (1976)).  Town North concedes the

absence of any fiduciary relationship with the Bank Defendants, and thus must establish some

other similar, fiduciary-like relationship of "trust and confidence."  However, Town North seeks

---

[1] Although this current motion is limited to the issue of an alleged affirmative disclosure duty, the Bank Defendants expressly reserve all claims and defenses.

1

to premise an alleged disclosure duty solely on: (i) the bare assertion, unsupported by any alleged facts, that Town North had a "personal" relationship with certain of the Bank Defendants; and (ii) the unsupported legal assertion that the Bank Defendants' alleged status as "insiders" with access to material nonpublic information is alone sufficient to create a disclosure duty. (Am. Compl. at ¶¶ 12, 15; Pl.'s Resp. to Bank Defs.' Mot. to Dismiss the Am. Compl., Dkt. 71 ("Pl.'s Resp."), at 6-10); compare Chiarella, 445 U.S. at 235 ("We hold that a duty to disclose under § 10(b) does *not* arise from the mere possession of nonpublic market information." (emphasis added)). The Court determined that Town North's allegations were sufficient to plead the required duty. (Order at 6-8.)

The Bank Defendants respectfully submit that this determination merits interlocutory review under 28 U.S.C. § 1292(b), because it resolved a controlling legal issue as to which there is "substantial ground for difference of opinion," and immediate review of the determination would "materially advance the ultimate termination of the litigation." All of Town North's claims depend on the alleged duty, and thus a contrary decision by the Fifth Circuit would end the case as to the Bank Defendants. Moreover, immediate review would avoid the risk that lengthy and complex discovery will be rendered irrelevant and wasted by a subsequent reversal. Town North has sued the Bank Defendants with respect to 13 residential mortgage backed securities ("RMBS") and collateralized debt obligations ("CDOs"), which are backed by thousands of individual mortgage loans and other asset types. It is an enormous undertaking to examine these securities and perform the types of analyses relevant to Town North's sweeping allegations regarding the securities' purported defects and the Bank Defendants' alleged knowledge thereof. Whether the Bank Defendants had an affirmative disclosure duty is a threshold legal question independent of all that discovery, because it *assumes* knowledge of the

purported defects and poses the pure legal question of whether Town North has adequately

pleaded a duty to disclose that alleged knowledge.  If the Fifth Circuit ultimately determines that

a duty to speak does *not* arise out of a conclusory allegation of a "personal" relationship with

certain of the Bank Defendants, or based on the Bank Defendants' alleged "insider" status and

possession of material nonpublic information, then Town North's claims against the Bank

Defendants will have to be dismissed and substantial discovery effort by the parties, non-parties,

and the Court will have been wasted.

For these reasons, and as further explained below, the Bank Defendants respectfully

request leave to appeal to the Fifth Circuit, as well as a stay of discovery in this matter pending

resolution of this motion and the interlocutory appeal.

## ARGUMENT

## I.     The Court Should Grant Leave for Interlocutory Appeal Regarding the Bank Defendants' Alleged Affirmative Disclosure Obligation.

Leave to appeal under 28 U.S.C. § 1292(b) should be granted where:  "(1) a controlling

question of law is involved, (2) there is substantial ground for difference of opinion about the

question of law, and (3) immediate appeal will materially advance the ultimate termination of the

litigation." Odle v. Wal-Mart Stores Inc., No. 3:11-cv-2954-O, 2013 WL 66035, at *2 (N.D. Tex.

Jan. 7, 2013) (citing 28 U.S.C. § 1292(b) (2006) and Rico v. Flores, 481 F.3d 234, 238 (5th Cir.

2007)).

The first and third requirements relate to the importance of the appeal issue to the case

and are satisfied where resolution of the issue could significantly affect the outcome of the

litigation, for example by requiring dismissal of all or many of the claims at issue or by ending

the case as to all or many of the defendants.  See, e.g., Ryan v. Flowserve Corp., 444 F. Supp. 2d

718, 723 (N.D. Tex. 2006); see also Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld

3

LLP, No. 11 Civ. 5994, 2012 WL 2952929, at *4 (S.D.N.Y. July 18, 2012) (controlling question of law exists where "reversal of the district court's opinion could, result in dismissal," or "even though not resulting in dismissal, could significantly affect the conduct of the action" (internal quotation marks omitted); Panda Energy Int'l, Inc. v. Factory Mut. Ins., Nos. 3:11-CV-003-K, 3:10-CV-2541-K, 2011 WL 610016, at *5 (N.D. Tex. Feb. 14, 2011) ("material advancement" prong satisfied by an appeal that would "accelerate[] or simplif[y] trial proceedings"). The second requirement relates to the legal merits of the appeal issue and asks whether there is substantial reason to expect that the appeals court may take a view different than that adopted by the district court. See, e.g., Panda Energy, 2011 WL 610016, at *4. Whether the position accepted by the district court is "novel," and whether it is supported by existing law, are key considerations in assessing whether there is "substantial ground for a difference of opinion" regarding the district court's ruling. See Odle, 2013 WL 66035, at *3; In re Tomlin, Nos. 3:00-CV-1161-T, 3:99-35175-HCA-7, 2000 WL 1909912, at *1 (N.D. Tex. Nov. 21, 2000).

In addressing the three requirements for Section 1292(b) relief, courts focus on the overarching concern of "institutional efficiency of the federal court system." Flowserve, 444 F. Supp. 2d at 723 (internal quotation marks omitted); see also Dev. Specialists, 2012 WL 2952929, at *9. Certification for interlocutory appeal is warranted where allowing the case to "'grind[] through to a final judgment'" should not be "'the sole medium through which to test the correctness of some isolated identifiable point of fact, of law, or substance or procedure, upon which in a realistic way the whole case or defense will turn.'" Flowserve, 444 F. Supp. 2d at 722 (quoting Hadjipateras v. Pacifica, S.A., 290 F.2d 697, 702-03 (5th Cir. 1961)). Otherwise stated, a Section 1292(b) motion should be granted where early appellate review "will save the parties

4

(and the court) from unnecessary, expensive, and protracted litigation." <u>Dev. Specialists</u>, 2012 WL 2952929, at *3.

As discussed below, all of the requirements for interlocutory appeal are met here.

<u>*Controlling Question of Law*</u> – The issue of the Bank Defendants' purported disclosure duty is both legal and controlling.  It is controlling because, as Town North concedes, its allegations are confined purely to *omissions* (not any affirmative false, misleading or incomplete statements), which means that all of Town North's claims fail absent a duty to disclose.  (Mem. of Law in Supp. of Bank Defs.' Mot. to Dismiss Pl.'s Am. Compl., Dkt. 64 ("Bank Defs.' Mot.), at 16-19; Pl.'s Resp. at 6-10.)  Thus, a determination by the Fifth Circuit either that no such duty exists as a matter of law under the circumstances alleged in the complaint, or that Town North has pleaded the requisite duty inadequately with respect to the Bank Defendants, would require dismissal of all claims against them.

The issue is also purely legal because it involves basic securities law doctrine and implicates no factual dispute.  To support the existence of the required duty, Town North alleges only that:  (i) it had a "personal" relationship with certain of the Bank Defendants, and (ii) the Bank Defendants were "insiders" with material nonpublic information regarding the securities, which they purportedly should have disclosed (Am. Compl. at ¶¶ 12, 15; Pl.'s Resp. at 6-10.) The first allegation raises no factual issues because Town North pleads no facts to support the claimed "personal" relationships with the Bank Defendants.  It simply labels the relationships as "personal" without any elaboration.  (Am. Compl. at ¶¶ 15, 110, 128, 173; Pl.'s Resp. at 7-8.)[2]

---

[2] As to defendant Morgan Stanley, Town North does not even allege a "personal" relationship, only a "professional" relationship, and thus cannot possibly prove the required fiduciary-like relation of "trust and confidence."  (Am. Compl. at ¶ 149.)

In assessing this allegation, the Fifth Circuit would be called upon to determine, as a purely legal matter, whether a bare assertion of a "personal" relationship is sufficient to allege an affirmative disclosure duty.  As discussed below, that proposition is contrary to law, and the Fifth Circuit is likely to reject it.

The second allegation similarly raises no factual issues, because it implicates only the legal question of whether a broker-dealer in an arm's-length sale transaction owes an affirmative disclosure obligation based on alleged possession of "inside" information relating to the securities it is selling.  (Am. Compl. at ¶¶ 12, 27; Pl.'s Resp. at 6-10.)  In assessing this legal issue, the Fifth Circuit would *not* be called upon to evaluate whether, or to what extent, the Bank Defendants actually possessed material nonpublic information, or to consider any other factual question.  The issue would be whether such alleged "insider" status is capable, as a legal matter, of creating an affirmative disclosure obligation where, as here, a fiduciary relationship with the Bank Defendants is disclaimed and no similar relationship of trust or confidence is pleaded.  As discussed below, Town North's position is contrary to law – including repeated express holdings by the U.S. Supreme Court – and thus the Fifth Circuit is likely to reject it.

*Substantial Ground for Difference of Opinion* – There is, at a minimum, "substantial ground for difference of opinion" regarding the Court's denial of the Bank Defendants' motion to dismiss with respect to the alleged affirmative disclosure duty.  It is a basic tenet of federal securities and state law fraud claims that nondisclosure is actionable only when there is a duty to speak.  Chiarella, 445 U.S. at 235 ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak."); Basic Inc. v. Levinson, 485 U.S. 224, 239 n.17 (1988) ("To be actionable, of course, a statement must also be misleading.  Silence, absent a duty to disclose, is not misleading under *Rule 10b-5*."); Ind. Elec. Workers' Pension Trust Fund

6

IBEW v. Shaw Grp., Inc., 537 F.3d 527, 541 (5th Cir. 2008); Ins. Co. of North Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998).  While a duty to speak may arise from a prior statement that was allegedly incomplete or misleading, silence alone – which is all that is alleged here – is never sufficient by itself to establish an affirmative disclosure obligation.  See Basic Inc., 485 U.S. at 239 n.17; Ind. Elec. Workers' Pension Trust, 537 F.3d at 541.

A duty to speak in the absence of any alleged prior incomplete or misleading statement arises only where there is a fiduciary relationship, or something akin to a fiduciary relationship, between the parties.  As the U.S. Supreme Court has explained:

> [T]he duty to disclose arises when one party has information "that the other [party] is entitled to know because of a ***fiduciary or other similar relation of trust and confidence*** between them."
> . . .
> [Nondisclosure] liability is premised upon a duty to disclose arising from a ***relationship of trust and confidence*** between parties to a transaction.

Chiarella, 445 U.S. at 228, 230 (second alteration in original) (emphasis added) (quoting Restatement (Second) of Torts § 551(2)(a) (1976)).  This principle is frequently cited and is a fundamental part of federal securities and state law fraud doctrine.  See, e.g., United States v. O'Hagan, 521 U.S. 642, 661-62 (1997) (applying Chiarella to "misappropriation theory" of insider trading law under Section 10(b), and reaffirming that a duty to speak is based on a specific relationship of "trust and confidence"); Gonzalez v. Nat'l Ins. Crime Bureau, 427 F. App'x 394, 398 (5th Cir. 2011) ("Generally, such a [disclosure] duty arises pursuant to a fiduciary relationship."); Ins. Co. of North Am., 981 S.W.2d at 674 ("Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship.").

Absent a formal fiduciary relationship between the parties, the proponent of an alleged disclosure obligation faces a significant burden in demonstrating fiduciary-like, non-arm's-length

7

dealing sufficient to create the alleged duty.  As a threshold matter, such a relationship must have

existed "before, and apart from" the transactions at issue.  Id. at 675 (quoting Schlumberger Tech.

Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997)).  In other words, Town North cannot rely

on alleged interactions concerning the securities on which it is suing, but rather must allege a

fiduciary-like relationship based on prior dealings of a non-arm's-length nature that are

unconnected to this lawsuit.  See id.; see also Meyer v. Cathey, 167 S.W.3d 327, 331 (Tex. 2005)

("To impose an informal fiduciary duty in a business transaction, the special relationship of trust

and confidence must exist prior to, and apart from, the agreement made the basis of the suit."

(internal quotation marks omitted)).  Such prior dealings must have occurred over a "long period

of time," and must have given rise to an *objectively reasonable* – not merely subjectively held –

belief by one party that the other will "act in its best interest."  See Ins. Co. of North Am., 981

S.W.2d at 674 ("[M]ere subjective trust does not . . . transform arm's-length dealing into a

fiduciary relationship." (alterations in original) (quoting Schlumberger Tech. Corp., 959 S.W.2d

at 177)).[3]

The required showing of a fiduciary-like relationship is particularly difficult in the case

of broker-dealers such as the Bank Defendants, who are merely alleged to have sold securities to

a sophisticated counterparty, without having acted as an investment advisor or having exercised

any discretionary power to make investments on the counterparty's behalf.  Under these

circumstances, broker-dealers are presumed *not* to have any duty to their customers, other than

the duty of faithfully executing whatever trades the customer wishes to place.  See Martinez

---

[3] The Bank Defendants cite Texas law in this memorandum but reserve the right to argue for application of
New York law under Texas's choice-of-law test.  Like Texas law, New York law significantly restricts the
circumstances in which a fiduciary relationship will be inferred.  See, e.g., AG Cap. Funding Partners, L.P. v. State
St. Bank & Trust Co., 896 N.E.2d 61, 68 (N.Y. 2008).

Tapia v. Chase Manhattan Bank, N.A., 149 F.3d 404, 412 (5th Cir. 1998) ("[T]he scope of any duties owed by the broker will generally be confined to executing the investor's order.").  Such limited duty stands in stark contrast to the required fiduciary-like relationship of trust and confidence needed to establish an affirmative disclosure obligation.

Against this demanding standard, the only thing that Town North alleges regarding its relationship with the Bank Defendants is that it had "personal" dealings with some of them.  (Am. Compl. at ¶¶ 15, 110, 128, 173.)  Town North disclaims a fiduciary relationship with the Bank Defendants (id. at ¶ 15), fails to explain or allege what it means by "personal" dealings, and fails to allege *any* relationship with the Bank Defendants existing "before, and apart from" the transactions at issue, let alone a pre-existing special relationship of trust and confidence supposedly justifying a belief that the Bank Defendants were duty-bound to act in Town North's best interests.  See Ins. Co. of North Am., 981 S.W.2d at 674.  Town North has never cited a single case (and the Bank Defendants are not aware of any) suggesting that a bald assertion of "personal" interactions is sufficient to overcome the "no-duty" presumption applicable to broker-dealers, or to plead the various requirements of a fiduciary-like relationship outlined above.

Town North's only other attempt to establish an affirmative disclosure duty is to allege that the Bank Defendants were "insiders" of the entities that issued the relevant securities and that the Bank Defendants were therefore required to disclose their inside information before selling securities to Town North.  (Am. Compl. at ¶¶ 12, 27; Pl.'s Resp. at 8-10.)  But this theory contradicts the entire premise of insider trading law, as repeatedly explained by the U.S. Supreme Court:  there is *no* duty to disclose inside information absent a fiduciary-like relationship of trust and confidence, which Town North utterly fails to plead.  See Chiarella, 445 U.S. at 235 ("We hold that a duty to disclose under § 10(b) does *not* arise from the mere

possession of nonpublic market information." (emphasis added)); O'Hagan, 521 U.S. at 662

(liability for securities fraud does *not* "stretch[ ] so far as to impose 'a general duty between all

participants in market transactions to forgo actions based on material, nonpublic information'"

(quoting Chiarella, 445 U.S. at 233)).  There is only one source of the disclosure duty under

insider trading law – "a specific relationship between two parties," rising to the level of a

fiduciary-like relationship of "trust and confidence," Chiarella, 445 U.S. at 230, 233, which

Town North fails to plead.

      Under these circumstances, there is plainly "substantial ground for difference of opinion"

regarding the sufficiency of Town North's allegations regarding the Bank Defendants' alleged

disclosure obligation.  Town North's position is novel, unsupported by any cases, and directly

contradicted by controlling law.  That is more than enough for certification under Section

1292(b).  See Panda Energy, 2011 WL 610016, at *4 ("Substantial grounds for difference of

opinion have been found where all other courts of appeals have reached results contrary to the

decision of the lower court."); Odle, 2013 WL 66035, at *3 ("novel" issues typically present

"substantial ground for difference of opinion"); In re Tomlin, 2000 WL 1909912, at *1 (same).

      *Material Advancement of Litigation* – Finally, an interlocutory appeal would serve the

interests of judicial efficiency and "materially advance the ultimate termination of the litigation."

As noted, if the threshold duty question is resolved in the Bank Defendants' favor, all claims

against the Bank Defendants would be dismissed.  That fact alone weighs heavily in favor of

certification under Section 1292(b).  See Panda Energy, 2011 WL 610016, at *5 (an appeal that

"accelerates or simplifies trial proceedings" satisfies the final requirement of Section 1292(b));

Flowserve, 444 F. Supp. 2d at 723 (same).

Moreover, the efficiency benefits here of an interlocutory appeal are particularly substantial given the expected length and complexity of the discovery required to evaluate the merits of Town North's claims, which would be rendered irrelevant and wasted if the Fifth Circuit were ultimately to conclude that the Bank Defendants owed no affirmative disclosure obligation to Town North.  Discovery as to the claims against the Bank Defendants will involve evaluation of numerous RMBS and CDO transactions, likely including the following:  review of hundreds or thousands of the mortgage loans and other assets underlying the various securitizations; assessment of the processes by which those underlying assets were acquired, reviewed, and securitized; review of the pre-purchase investigation steps taken by Town North; evaluation of the ratings methodologies used by third-party rating agencies to evaluate each of the securities at issue, based on Town North's allegation that the ratings were fraudulent; expert analysis of the foregoing and other issues, including intricate questions of loss causation given that Town North's alleged losses occurred during an unprecedented financial crisis; and various other areas of protracted discovery, which all together are expected to take more than a year or perhaps substantially longer, and could involve production of tens of millions of pages of documents, requiring substantial expenditure of time and resources by the parties, third parties, and the Court.

Before the parties embark on any of that discovery, the Fifth Circuit should review the threshold legal question of whether the Bank Defendants have adequately pleaded any affirmative obligation to disclose whatever knowledge they purportedly withheld from Town North.  If that question is ultimately resolved in the Bank Defendants' favor – and, as discussed above, there is substantial basis to expect that it will be – then the extensive discovery efforts

11

will have been wasted.  The Court should avoid that outcome by certifying the issue of the Bank Defendants' purported affirmative disclosure obligation for immediate appeal.

## II.     The Court Should Grant a Stay of Discovery.

For the reasons explained above, the issue of an alleged affirmative disclosure obligation is a threshold legal question that will determine whether the claims against the Bank Defendants either require *no* discovery, or whether they require extremely broad and costly discovery that will last for over a year or substantially longer and potentially involve the production of tens of millions of pages of documents.  Given the discreteness of the threshold legal issue, and the magnitude and far-reaching implications of its resolution, the Bank Defendants respectfully submit that a discovery stay is appropriate pending the Court's ruling on this motion and the outcome of the interlocutory appeal.  If the Court grants leave to file an interlocutory appeal, and if – as the Bank Defendants submit is substantially likely – the Fifth Circuit rules against Town North, then all discovery efforts regarding the claims against the Bank Defendants will have been wasted, including any such efforts undertaken during the pendency of this motion.  Accordingly, in the interests of efficiency and judicial economy, the Bank Defendants request a discovery stay until the threshold "duty to speak" issue has been resolved.

## CONCLUSION

For the foregoing reasons, the Bank Defendants' Motion for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Discovery should be granted.

Dated:  April 29, 2013                    Respectfully submitted,

                                          FULBRIGHT & JAWORSKI L.L.P.

                                          _____/s/ Ellen Sessions_____
                                              Ellen Sessions
                                              State Bar No.  00796282
                                              Rodney Acker
                                              State Bar No.  00830700
                                              Nicholas K. Taunton
                                              State Bar No.  24079439
                                          2200 Ross Avenue, Suite 2800
                                          Dallas, TX  75201-2784
                                          Telephone:     (214) 855-8000
                                          Facsimile:     (214) 855-8200
                                          Email:  racker@fulbright.com
                                          Email:  sessions@fulbright.com
                                          Email:  ntaunton@fulbright.com

                                              James P. Rouhandeh*
                                              Daniel J. Schwartz*
                                              Paul S. Mishkin*
                                              *admitted *pro hac vice*
                                          DAVIS POLK & WARDWELL LLP
                                          450 Lexington Avenue
                                          New York, NY  10017
                                          Telephone:     (212) 450-4000
                                          Facsimile:     (212) 701-5800
                                          Email:  rouhandeh@davispolk.com
                                          Email:  daniel.schwartz@davispolk.com
                                          Email:  paul.mishkin@davispolk.com

                                          **ATTORNEYS FOR DEFENDANT
                                          MORGAN STANLEY & CO. LLC**

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

*/s/ Noelle M. Reed*

Noelle M. Reed
State Bar No.  24044211
Heather A. Lohman
State Bar No.  24027008
1000 Louisiana Street, Suite 6800
Houston, TX  77002-5026
Telephone:     (713) 655-5122
Facsimile:     (713) 483-9122
Email:  Noelle.Reed@Skadden.com
Email:  Heather.Lohman@Skadden.com

**ATTORNEYS FOR DEFENDANTS
MERRILL LYNCH & CO., INC. &
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED**

GREENBERG TRAURIG, LLP

_/s/ Stephen C. Carlin_
Stephen C. Carlin
State Bar No. 03807700
Marc D. McPeak
State Bar No. 24039050
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone:     (214) 665-3600
Facsimile:     (214) 665-3601
Email: carlins@gtlaw.com
Email: mcpeakm@gtlaw.com

Eric N. Whitney
State Bar No. 00785241
Anastasia A. Angelova*
Richard A. Edlin*
*admitted _pro hac vice_
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone:     (212) 801-9200
Facsimile:     (212) 801-6400
Email: whitneye@gtlaw.com
Email: angelovaa@gtlaw.com
Email: edlinr@gtlaw.com

Michael T. Reynolds*
Kevin J. Orsini*
*admitted _pro hac vice_
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:     (212) 474-1000
Facsimile:     (212) 474-3700
Email: mreynolds@cravath.com
Email: korsini@cravath.com

**ATTORNEYS FOR DEFENDANT J.P. MORGAN SECURITIES LLC,** _Successor in Interest to Bear Stearns & Co, Inc._

GIBSON, DUNN & CRUTCHER LLP

_/s/ Brian Edward Robison_

Brian Edward Robison
State Bar No.  00794547
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone:     (214) 698-3370
Facsimile:     (214) 571-2928
Email:  BRobison@gibsondunn.com

**ATTORNEYS FOR DEFENDANT UBS
FINANCIAL SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Morgan Stanley & Co. LLC, on behalf of the Bank Defendants, conferred on April 26, 2013, regarding the substance of this Motion.  Despite best efforts, counsel have not been able to resolve those matters presented, and therefore, this opposed motion is presented to the Court for determination.


*/s/ Ellen Sessions*
Ellen Sessions


## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a Notice of Electronic Filing to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.


*/s/ Nicholas K. Taunton*
Nicholas K. Taunton