# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TOWN NORTH BANK, N.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:11-cv-03125-L** |
| | § | |
| **SHAY FINANCIAL SERVICES, INC.,** | § | |
| **UBS FINANCIAL SERVICES, INC.,** | § | |
| **MORGAN STANLEY & CO., LLC.,** | § | |
| **MERRILL LYNCH & CO., INC.,** | § | |
| **MERRILL LYNCH, PIERCE, FENNER** | § | |
| **& SMITH INCORPORATED, and J.P.** | § | |
| **MORGAN SECURITIES LLC,** | § | |
| **Successor In Interest to** | § | |
| **BEAR STEARNS & CO., INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## JOINT STATUS REPORT

TO THE HONORABLE COURT:

Pursuant to the Court's "Order Requiring Attorney Conference and Status Report" dated April 1, 2013 (Dkt. # 83) (the "Order"), Plaintiff Town North Bank, N.A. ("Plaintiff" or "Town North Bank"), Defendants UBS Financial Services, Inc., Morgan Stanley & Co., LLC, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and J.P. Morgan Securities LLC, Successor In Interest to Bear Stearns & Co., Inc. (collectively, the "Bank Defendants"), and Defendant Shay Financial Services, Inc. ("Shay") hereby file this Joint Status Report ("Joint Report").

Counsel for all parties conferred at length on April 11, 2013, and in the joint preparation of this Joint Report, and have discussed each of the matters set forth in the Order.

A.      **Discovery Plan.**

While Defendants filed motions to dismiss Plaintiff's Amended Complaint under FRCP 12(b)(6), which the Court denied by its Order signed March 30, 2013 (Dkt. #82), Defendants have not yet filed any Answers in this suit.  Pursuant to the agreement of the parties and this Court's Order signed April 15, 2013 (Dkt. #85), the deadline for Defendants to file their Answers to Plaintiff's Amended Complaint is **May 16, 2013**.  The parties' respective views regarding an appropriate Discovery Plan are set forth below and contemplate discovery beginning after Defendants' Answers are filed.

**Plaintiff's Position**

*Overview*

During the conference among attorneys held on April 11, 2013, and during subsequent discussions, the attorneys for all parties reached general agreement concerning the proposed dates and deadlines to be included in the Court's Scheduling Order, if discovery is conducted without interruption and delay.  Plaintiff's proposed Discovery Plan presented below sets forth the dates on which all parties have agreed in the attorney conferences (if discovery is conducted on all issues in integrated, uninterrupted fashion), and the basis on which the dates were determined.  Plaintiff's Discovery Plan contemplates that discovery will begin shortly after Defendants file their Answers to the Amended Complaint, and will continue efficiently and without interruption, covering all issues and discoverable topics in an integrated fashion, to enable the parties to prepare this case for trial expeditiously.  Because Defendants have requested bifurcated, phased discovery (see Defendants' position presented below), which Plaintiff opposes because it would prevent and interrupt the efficient, continuous, integrated discovery contemplated in the Discovery Plan, the Discovery Plan set forth below is referred to herein as

Plaintiff's Discovery Plan.

Plaintiff's Discovery Plan provides for the completion of fact discovery approximately 14 months after discovery begins and the completion of all discovery (including expert discovery) in approximately 18 months.  Trial would commence approximately six months after discovery closes (to allow time for any dispositive motions to be filed and then considered by the Court and pre-trial filings to be prepared by the parties).  Proposed deadlines for fact and expert discovery and a proposed trial date are contained in Plaintiff's Discovery Plan below.

The Discovery Plan is reasonable because this case involves complicated financial products and 37 separate securities which were sold to Plaintiff in separate transactions.  Each of the six Defendants sold different securities to Plaintiff.  Plaintiff contemplates conducting discovery of the various matters alleged in Plaintiff's Amended Complaint, including (but not limited to) discovery of: (a) the relationships and communications between each Bank Defendant and its affiliates that created the securities sold to Plaintiff; (b) the relationships and communications between and among Bank Defendants and their affiliates relating to the securities sold to Plaintiff identified in Plaintiff's Amended Complaint; (c) the relationships and communications between any Bank Defendant or its affiliates, and any rating agency, relating to any security identified in Plaintiff's Amended Complaint; (d) the relationships and communications between any Bank Defendant and Defendant Shay relating to any security identified in Plaintiff's Amended Complaint; (e) the internal communications within each Defendant's organization pertaining to Plaintiff; (f) the internal communications within each Defendant's organization pertaining to any security identified in this lawsuit; (g) all information concerning the transactions between Plaintiff and Defendants and/or the securities sold to Plaintiff by Defendants; and (h) the deficiencies in the securities referenced in Plaintiff's

Amended Complaint and Defendants' failure to disclose such deficiencies and other information referenced in the Amended Complaint.  Plaintiff anticipates discovery concerning the securities and financial products involved, and the claims and defenses asserted by the parties, to include (without limitation) discovery through production of documents and other information (by the parties and non-parties) as well as depositions of numerous party and non-party fact witnesses and several expert witnesses.

As indicated above, Plaintiff's proposed Discovery Plan provides for the completion of all fact and expert discovery within approximately 18 months after discovery begins.  Plaintiff's specific proposed deadlines and the rationale for such dates, discussed in the attorney conferences, are set forth below.

### *Plaintiff's Proposed Discovery Plan Deadlines*

1.   Initial Disclosures Under FRCP 26(a)(1) Due:   **June 17, 2013**  [the proposed date is 30 days after Answers are filed].

2.   Deadlines for Joinder of Parties and Pleadings Amendments:

Deadline to File Motions to Join Parties:   **October 15, 2013**  [the proposed date is 4 months after discovery began].

Deadline to File Motions to Amend Pleadings to assert new claims or defenses: **January 17, 2014**  [the proposed date is 7 months after discovery began].

3.   Expert Designations:

**(i)** Designations of Plaintiff's Experts, with Disclosures under FRCP 26(a)(2), designated on any element or issue (raised by Plaintiff's claims) with respect to which Plaintiff has the burden of proof, and **(ii)** Designations of any Defendants' Experts, with Disclosures under FRCP 26(a)(2), designated on any element or issue (raised by Defendants' affirmative defenses) with respect to which a Defendant has the burden of proof, and which are reasonably possible to disclose before receiving Plaintiff's expert designations and disclosures, are due: **July 31, 2014**  [the proposed date is approximately 14 months after discovery began and 10 days after fact discovery closes].

**(iii)** Designations of Defendants' Experts, with Disclosures under FRCP 26(a)(2), designated in response to Plaintiff's initial expert designations above, and **(iv)** Designations of any Plaintiff's Experts, with Disclosures under FRCP 26(a)(2), designated in response to Defendants' initial expert designations (if any) above, are due: **October 31, 2014**  [the proposed date is 3 months after initial Expert Designations are served].

4.    <u>Discovery Deadlines</u>:

Fact Discovery Closes:   **July 21, 2014**  [the proposed date is approximately 14 months after discovery began].  The parties reserve their rights to seek additional limited fact discovery after this date to address issues arising during Expert Discovery.

Expert Discovery Closes:      **December 12, 2014**  [the proposed date is approximately 18 months after discovery began and 45 days after all Expert Designations have occurred].

5.    <u>Daubert Motions Due</u>:  **January 23, 2015**   [the proposed date is approximately 45 days after Expert Discovery Closes].

6.    <u>Dispositive Motions Deadline</u>:    **February 6, 2015**  [the proposed date is approximately 60 days after all discovery closes and approximately 137 days before the proposed trial date].

7.    <u>Proposed Trial Dat</u>e:  **June 22, 2015**  [the proposed date is approximately 137 days after the Dispositive Motions Deadline].

*Plaintiff's Initial Response to Defendants' Proposal*

Plaintiff opposes the bifurcated, phased discovery process proposed by Defendants. Plaintiff disagrees with Defendants' characterization of, and purported concerns about, the size and scope of document discovery that this case will entail, and believes that other motives are driving Defendants' position.  Defendants are requesting this Court (i) to revisit issues already decided by this Court and (ii) to permit Defendants to take serial and repetitive shots at Plaintiff's claims.  Defendants request that this Court *stay all discovery* in this case while they seek review by the Court of Appeals of one legal issue that constituted a part of this Court's denial of Defendants' Rule 12(b)(6) motions.  It is realistic to believe that this process (the

ultimate inefficient delay tactic) will delay this case a minimum of another year.  Plaintiff will more substantively address Defendants' motion for certification under 28 U.S.C. Section 1292(b) (which was filed by Defendants on April 29, 2013) in a separate response, as necessary, if desired by the Court and as the Court directs.

As a fall-back position, Defendants urge the Court to limit discovery to *one* legal issue (among many which they previously argued, unsuccessfully in their motions to dismiss, were dispositive of Plaintiff's lawsuit).  Defendants' motions to dismiss included this very ground, *i.e.*, the contention that Bank Defendants owed no duty to disclose to Plaintiff.  Plaintiff addressed this argument in great detail in its Response to Bank Defendants' motion to dismiss. (Dkt. #71, at pages 6-10).  This Court, in denying the motions to dismiss, found that Plaintiff's allegations adequately pleaded the factual and legal bases of Defendants' duty to disclose.  Bank Defendants now seek to have this Court (i) isolate and limit discovery to a single legal issue and (ii) limit discovery on that single issue solely to the relationships between each Bank Defendant and Plaintiff.  Defendant Shay again joins this request, apparently seeking to gain the advantage of delay that such a procedure will ensure, even though Plaintiff has expressly alleged a fiduciary duty owed by Shay to Plaintiff.

The problem with the asserted efficiency gain alleged by Defendants is that the discovery that is necessary in this case cannot be compartmentalized in the fashion Defendants suggest.  Even as to the legal issue of "duty to disclose," discovery would not be limited merely to contacts between Plaintiff and each Defendant, as Defendants argue.  As noted above, Plaintiff's allegations are grounded in part on (a) the relationships and communications between each Bank Defendant and its affiliates that created the securities sold to Plaintiff; (b) the relationships and communications between and among Bank Defendants and their affiliates relating to any security

sold to Plaintiff identified in Plaintiff's Amended Complaint; (c) the relationships and communications between any Bank Defendant or its affiliates, and any rating agency, relating to any security identified in Plaintiff's Amended Complaint; (d) the relationships and communications between any Bank Defendant and Defendant Shay relating to any security identified in Plaintiff's Amended Complaint; and (e) all internal communications within each Defendant's organization pertaining to Plaintiff and/or the subject securities.   Contrary to Defendants' assertions, substantial information within the scope of each of the foregoing topics (and others) would be relevant, important, and discoverable with respect to the analysis of the legal issue of "duty to disclose" (as well as with respect to a number of other issues intertwined in this case).[1]   Discovery on those topics (and others) should be conducted in an integrated fashion, not on a piecemeal basis. Once these matters are figured into the Discovery Plan, there are no efficiencies, only delay and interruption, to be achieved by Defendants' "phased" discovery proposal.

Plaintiff does not agree with Defendants' bifurcation request or the discovery limitations and unreasonable deadlines proposed by Defendants.[2]   Plaintiff urges the Court to reject the dilatory and inefficient proposals of Defendants and to adopt Plaintiff's traditional and time-tested Discovery Plan, which will permit efficient, integrated discovery on all issues and move this case to ultimate resolution on a reasonable schedule.

---

[1]   It would be grossly unfair to require Plaintiff to respond to any motion for summary judgment on any issue concerning the existence or breach of Defendants' legal duty, without having afforded Plaintiff the opportunity to complete substantial discovery on the basic topics listed above (and others) which are directly raised by Plaintiff's claims.

[2]   Discovery of the topics listed above, which are relevant to the existence of Defendants' duty to disclose, cannot be reasonably completed in 3 months.  In addition, among other things, it is unreasonable to believe that, after devoting 3 months to the very limited discovery proposed by Defendants in "Phase I" (followed by an interruption of many months for yet another round of briefing), the parties would be able to re-start and then complete all of the substantive fact discovery (concerning the 37 securitizations) in the remaining approximately 10 months of the "shortened" fact discovery period that would remain under Defendants' proposed discovery structure. (Defendants seek to shorten their proposed substantive "Phase II" discovery period by the time devoted to the limited "Phase I" discovery (see below).)

**Bank Defendants' Position**

*Request for Status Conference*

The Bank Defendants respectfully request that the Court set a status conference prior to issuing a scheduling order.  The Bank Defendants believe the parties would benefit from such a conference, and that it would assist the Court in understanding the Bank Defendants' position on discovery, as set forth below.

*Discovery Stay*

The Bank Defendants have filed a motion pursuant to 28 U.S.C. § 1292(b) seeking leave to file an interlocutory appeal of the Court's March 30, 2013 Order denying the Bank Defendants' motion to dismiss, and for a stay of discovery pending resolution of that motion.  Specifically, the Bank Defendants are seeking interlocutory review of the Court's determination that Town North adequately pleaded an affirmative disclosure obligation.  Unlike many other securities fraud cases, Town North's allegations here are confined to alleged *omissions*, rather than any alleged affirmative false, misleading, or incomplete statements.  (Am. Compl. at ¶12.) This means that, in order to prevail on any of its claims, Town North must establish a "fiduciary or other similar relation of trust and confidence" with defendants giving rise to an affirmative duty to speak.  *Chiarella v. United States*, 445 U.S. 222, 235 (1980) ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak."); *id.* at 228, 230; *Ind. Elec. Workers' Pension Trust v. Shaw Grp. Inc.*, 537 F.3d 527, 541 (5th Cir. 2008); *Ins. Co. of North Am. v. Morris*, 981 S.W. 2d 667, 674 (Tex. 1998).  As explained in the Bank Defendants' memorandum in support of their pending motion, the question of whether such a duty can exist under the circumstances pleaded here is a controlling legal issue meriting interlocutory appeal, and discovery should be stayed pending resolution of that question to avoid

broad discovery that would be rendered unnecessary and wasted if the Fifth Circuit were to reject Town North's position.  (Dkt. # 88.)  The Bank Defendants thus respectfully submit that consideration of any Discovery Plan is premature and should be deferred until after resolution of the pending motion.

### Initial Discovery Regarding "Duty to Speak"

In the event the Court denies the pending motion, the Bank Defendants propose an initial discovery phase focused on the threshold question of whether there was a fiduciary, or fiduciary-like, relationship of "trust and confidence" between the defendants and Town North giving rise to a duty to speak.  If the answer to that question is no, then the case is over and the parties need never embark on the enormous task of dissecting 37 complex securitizations and undertaking the majority of the other discovery outlined by Plaintiff above and otherwise necessary to respond to Plaintiff's allegations, including intricate expert analyses of the thousands of individual mortgage loans and other asset types underlying the securitizations, examination of the defendants' internal communications and communications with co-defendants and third parties regarding the securities, other third-party discovery, and discovery related to statute of limitations and reasonable reliance issues – all together potentially requiring production of tens of millions of pages of documents.

Resolution of the threshold duty question avoids the complexity of analyzing the individual securities and undertaking the majority of the other required discovery, because if the required relationship of trust and confidence exists, it must have existed "prior to, and apart from" the transactions at issue in this case, based on prior non-arm's-length dealings.  *See, e.g.*, *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005); *Ins. Co. of North Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).  If there was no prior relationship of any kind, or if the prior relationship

consisted merely of arm's-length dealing, then the required fiduciary-like relationship of trust and confidence does not exist, and there is no resulting disclosure duty. *See Meyer*, 167 S.W.3d at 331; *Ins. Co. of North Am.*, 981 S.W.2d at 674. It is a far simpler matter to examine the parties' communications and interactions "prior to, and apart from" the relevant transactions than it is to collect, produce, review, and perform analysis on millions of pages of documents regarding 37 complex financial products. Rather than embark on such efforts now, the Bank Defendants submit that the most sensible and efficient approach is simply to examine the parties' communications and interactions to see whether there is any evidence of the required pre-existing fiduciary-like relationship of "trust and confidence." If not, all other discovery is irrelevant and the case ends.

Initial discovery limited to the threshold duty question could be completed relatively quickly (see proposed schedule below). The Court could then entertain a straightforward motion for summary judgment to assess whether there is a triable question of fact regarding the purported existence of the required relationship of "trust and confidence," with further discovery deferred unless and until it becomes necessary. Consistent with the narrow inquiry relevant to the threshold duty question, the Bank Defendants propose limiting initial (or "Phase I") discovery to:

    (i)    Documents reflecting or constituting communications between Town North and defendants during the relevant timeframe;

    (ii)    Other documents reflecting the extent and nature of the interactions and relationship between Town North and defendants during the relevant timeframe; and, to the extent necessary,

    (iii)    Testimony regarding the extent and nature of such interactions and relationship.

The Bank Defendants believe that Phase I could be completed on the following schedule:

    (i)    Rule 26(a)(1) disclosures regarding Phase I issue due May 31, 2013

(ii)     Phase I discovery completed August 30, 2013

(iii)    Summary judgment motions confined to Phase I issue due September 20, 2013

*Phase II Discovery*

Phase II discovery, related to all other matters, would be stayed pending a ruling on the summary judgment motion regarding the alleged duty to speak.

To the extent Phase II is necessary, the Bank Defendants are in agreement with the proposed durations set forth in Town North's proposed discovery plan above as an initial estimate of the required time, with applicable dates to be recalculated in relation to the decision date on the summary judgment motion regarding the duty to speak, and with appropriate shortening of the fact discovery period to account for the Phase I discovery that will have already taken place.  Based on prior experience, however, and given that there are 6 defendants and 37 transactions at issue in this case – the actual time needed for discovery covering all issues raised by Town North's allegations could substantially exceed that set forth in Town North's proposed plan.  The Bank Defendants concur at present with the proposed dates, but have not received any discovery requests from Town North.  The length of time necessary to complete discovery will depend in large part on the scope of discovery sought by Plaintiff, to the extent permitted by the Court.

**Defendant Shay's Position**

Defendant Shay likewise contends that the nature of the relationship between Shay and Town North presents a threshold question that should be resolved at the outset.  Each of Town North's claims against Shay turns on whether Shay was Town North's fiduciary, as Town North alleges, or whether Shay acted as a broker-dealer, which is not a fiduciary.  *Tapia v. Chase Manhattan Bank*, N.A., No. EP-93-CA-334-F, 1997 U.S. Dist. LEXIS 23210 (W.D. Tex. May 9,

1997), *aff'd*, 149 F.3d 404, 412 (5th Cir. 1998) ("[W]here the investor controls a nondiscretionary account and retains the ability to make investment decisions, the scope of any duties owed by the broker will generally be confined to executing the investor's order.").

**B.     Additional Matters to be Addressed Under the Order.**

Unless otherwise indicated, the parties are in agreement with respect to the information submitted in the following numbered paragraphs (1) through (12) of this Joint Report.

**1.     A brief statement of the nature of the case, including the contentions of the parties.**

This is a securities fraud case.  Plaintiff contends that Defendants made material omissions in connection with the sales of different securities to Plaintiff.  Plaintiff contends that it purchased securities from Defendants that Plaintiff would not have purchased if, among other things, Defendants had disclosed the Undisclosed Material Information (as defined and set forth in Plaintiff's Amended Complaint). Plaintiff contends Defendants' wrongful conduct caused Plaintiff to suffer substantial damages, in excess of $113,000,000, including without limitation losses of its investment capital invested in the subject securities and additional damages suffered by the impairment of its capital structure.  Plaintiff contends the conduct of Defendants violated (i) Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (ii) the Texas Securities Act, Tex. Rev. Civ. Stat. Ann., art. 581-33 [Vernon Supp. 2009], and (iii) common law of the state of Texas.  Plaintiff also contends, only as to Defendant Shay, that Shay had a special relationship of trust and confidence with Plaintiff giving rise to a fiduciary duty and that Shay breached that fiduciary duty in connection with the events alleged in this lawsuit.

Defendants deny all of Plaintiff's material allegations.   Defendants will file their Answers to Plaintiff's Amended Complaint on or before **May 16, 2013.**

**2.      Any challenge to jurisdiction or venue.**

None.

**3.      Any pending or contemplated motions and proposed time limits for filing motions.**

The Bank Defendants have filed a motion pursuant to 28 U.S.C. § 1292(b) and for a stay of discovery, as discussed above.  The proposed deadline for filing dispositive motions is also set forth above.

**4.      Any matters which require a conference with the court.**

Defendants request a conference with the court to discuss the parties' respective positions with respect to discovery.

**5.      The deadline for amendment of pleadings and the likelihood that other parties will be joined.**

Proposed deadlines for joinder of parties and amendment of pleadings are set forth above in Plaintiff's proposed Discovery Plan.  Plaintiff does not know at this time whether it will seek to join other parties.

**6.      (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery.  If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

These matters are addressed in the parties' proposed Discovery Plans above.

**7.      A statement that counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Tex. 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Tex 1988), and counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**8.      Requested trial date, estimated length of trial, and whether jury has been demanded.**

A jury has been demanded.  The proposed trial date is addressed in the parties' proposed Discovery Plans set forth above.  The parties are not presently able to estimate the length of trial with any certainty, but agree that, based on the number of securities at issue and the claims asserted in this case, trial will be expected to last at least several weeks.

**9.      Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Renee Harris Toliver**;

The parties do not consent to trial before the U.S. Magistrate Judge.

**10.     Prospects for settlement, and status of any settlement negotiations**;

The prospects for settlement are unknown at this time and there have been no settlement negotiations.

**11.     Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The parties do not agree to arbitration to resolve this case. The parties may agree to mediation later in this case, and believe that any such mediation is likely to be most effective after substantial fact and expert discovery has been completed.  If the parties determine that mediation at an earlier time may be productive, they will schedule such mediation by agreement.

**12.     Any other matters relevant to the status and disposition of this case.**

None at this time.

Dated:  May 1, 2013.

Respectfully submitted,

_/s/  Stuart Reynolds_____
Stuart M. Reynolds, Jr.
State Bar No. 16805700
Steven A. Schneider
State Bar No. 17790550
**SCHNEIDER & MILLER, P.C.**
300 N. Coit Road, Suite 1125
Richardson, Texas  75080
Telephone:  (972) 479-1112
Telecopy:  (972) 479-1113
Email:  steve@schneidlaw.com
Email:  stuart@schneidlaw.com

**ATTORNEYS FOR PLAINTIFF
TOWN NORTH BANK, N.A.**


GIBSON, DUNN & CRUTCHER LLP

   _/s/ Brian Edward Robison_____
   Brian Edward Robison
   State Bar No.  00794547
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone:     (214) 698-3370
Facsimile:     (214) 571-2928
Email:  BRobison@gibsondunn.com

**ATTORNEYS FOR DEFENDANT UBS
FINANCIAL SERVICES INC.**

FULBRIGHT & JAWORSKI L.L.P.

_/s/ Ellen Sessions_

Ellen Sessions
State Bar No.  00796282
Rodney Acker
State Bar No.  00830700
Nicholas K. Taunton
State Bar No.  24079439
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:      (214) 855-8000
Facsimile:      (214) 855-8200
Email:  sessions@fulbright.com
Email:  racker@fulbright.com
Email:  ntaunton@fulbright.com

James P. Rouhandeh*
Daniel J. Schwartz*
Paul S. Mishkin *
*admitted _pro hac vice_
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
Telephone:      (212) 450-4000
Facsimile:      (212) 701-5800
Email:  rouhandeh@davispolk.com
Email:  daniel.schwartz@davispolk.com
Email:  paul.mishkin@davispolk.com

**ATTORNEYS FOR DEFENDANT
MORGAN STANLEY & CO. LLC**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

  */s/ Noelle M. Reed*
  Noelle M. Reed
  State Bar No.  24044211
  Heather A. Lohman
  State Bar No.  24027008
1000 Louisiana Street, Suite 6800
Houston, TX  77002-5026
Telephone:     (713) 655-5122
Facsimile:     (713) 483-9122
Email:  Noelle.Reed@Skadden.com
Email:  Heather.Lohman@Skadden.com

**ATTORNEYS FOR DEFENDANTS MERRILL LYNCH & CO., INC., AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

GREENBERG TRAURIG, LLP

_/s/ Stephen C. Carlin_
  Stephen C. Carlin
  State Bar No.  03807700
  Marc D. McPeak
  State Bar No.  24039050
2200 Ross Avenue, Suite 5200
Dallas, TX  75201
Telephone:      (214) 665-3600
Facsimile:      (214) 665-3601
Email:  carlins@gtlaw.com
Email:  mcpeakm@gtlaw.com

  Eric N. Whitney
  State Bar No.  00785241
  Anastasia A. Angelova*
  Richard A. Edlin*
  *admitted _pro hac vice_
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY  10166
Telephone:      (212) 801-9200
Facsimile:      (212) 801-6400
Email:  whitneye@gtlaw.com
Email:  angelovaa@gtlaw.com
Email:  edlinr@gtlaw.com

  Michael T. Reynolds*
  Kevin J. Orsini*
  *admitted _pro hac vice_
CRAVATH SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY  10019
Telephone:      (212) 474-1000
Facsimile:      (212) 474-3700
Email:  mreynolds@cravath.com
Email:  korsini@cravath.com

**ATTORNEYS FOR DEFENDANT J.P.
MORGAN SECURITIES LLC,** _Successor
in Interest to Bear Stearns & Co., Inc._

**JOINT STATUS REPORT – Page 18**

PATTON BOGGS LLP

_/s/ S. Cass Weiland_

S. Cass Weiland
State Bar No.  21081300
2000 McKinney Avenue, Suite 1700
Dallas, TX  75201
Telephone:      (214) 758-1500
Facsimile:      (214) 758-1550
Email:  cweiland@pattonboggs.com

Mark R. McDonald*
*admitted _pro hac vice_
MORRISON & FOERSTER LLP
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013-1024
Telephone:      (213) 892-5810
Facsimile:      (213) 892-5454
Email:  mmcdonald@mofo.com

**ATTORNEYS FOR DEFENDANT SHAY
FINANCIAL SERVICES, INC.**