**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TOWN NORTH BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SHAY FINANCIAL SERVICES INC., UBS FINANCIAL SERVICES, INC., MORGAN STANLEY & CO. LLC, MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and J.P. MORGAN SECURITIES LLC, Successor in Interest to BEAR STEARNS & CO. INC., | § § § § § § § § § | CIVIL ACTION NO. 3:11-CV-3125-L |
| Defendants. | § | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF BANK
DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) AND FOR STAY OF DISCOVERY**

Dated: June 3, 2013

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     Interlocutory Review of a Motion to Dismiss Denial is Entirely Appropriate .................. 2

II.    There are No "Fact-Intensive" Issues Precluding Interlocutory Review ........................... 4

III.   The Other Requirements for Interlocutory Review are Satisfied ..................................... 7

CONCLUSION ................................................................................................................................ 9

TABLE OF AUTHORITIES

PAGE

CASES

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................3

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................3

Chiarella v. United States,
    445 U.S. 222 (1980)..................................................................................................7

Janus Capital Grp., Inc. v. First Derivative Traders,
    131 S. Ct. 2296 (2011)..............................................................................................6

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione
    Motonave Achille Lauro In Amministrazione Straordinaria,
    921 F.2d 21 (2d Cir. 1990)........................................................................................3

Monk v. Huston,
    340 F.3d 279 (5th Cir. 2003) ....................................................................................3

North Port Firefighters' Pension-Local Option Plan v. Temple-Inland, Inc.,
    No. 3:11-CV-3119-B, 2013 WL 1263161 (N.D. Tex. Mar. 28, 2013)......................6

Odle v. Wal-Mart Stores Inc.,
    No. 3:11-cv-2954-O, 2013 WL 66035 (N.D. Tex. Jan. 7, 2013)...............................3

Schlumberger Tech. Corp. v. Swanson,
    959 S.W.2d 171 (Tex. 1997).....................................................................................6

In re Tomlin,
    No. 3:00-CV-1161-T, 3:99-35175-HCA-7,
    2000 WL 1909912 (N.D. Tex. Nov. 21, 2000).........................................................3

Defendants UBS Financial Services, Inc., Morgan Stanley & Co. LLC., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and J.P. Morgan Securities LLC (collectively, the "Bank Defendants") respectfully submit this reply memorandum of law in further support of their motion for an order certifying the Court's March 30, 2013 Opinion and Order (the "Order") for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and for a stay of discovery pending resolution of this motion.

## PRELIMINARY STATEMENT

Town North's response only confirms that this case presents a fundamental threshold legal question that should be resolved now: Can the mere possession of alleged "inside information" create a "duty to speak," absent a fiduciary or other similar relationship of trust and confidence? Town North argues that the answer to this legal question is "yes," and that adjudication of the issue requires extended fact discovery regarding, among other things, defendants' purported "inside" knowledge of numerous complex securities backed by thousands of mortgage loans and other assets. The Bank Defendants, on the other hand, submit that the answer is "no," and that the explicit disclaimer by Town North of the existence of a fiduciary duty and the undisputed absence of any special relationship of trust and confidence with the Bank Defendants precludes Town North's claims as a matter of law, rendering all discovery in this matter unnecessary. Early appellate review of this type of dispositive legal question is precisely the purpose of interlocutory appeals under 28 U.S.C. § 1292(b).

Town North responds that interlocutory review is nevertheless inappropriate because: (i) the Court's motion to dismiss decision supposedly did not reach the legal question at issue in this motion – i.e., the requirements for adequately pleading a "duty to speak" – even though the

1

Court ruled that those requirements were satisfied; (ii) the Bank Defendants' motion supposedly raises factual questions unsuitable for interlocutory review, even though all relevant facts are undisputed; and (iii) there is no "substantial ground" for disagreeing with Town North's legal position, and no "material advancement" of the litigation to be gained by having it reviewed now, even though Town North cites no cases in its favor and concedes the enormity of the discovery that its claims would entail. As discussed below, Town North's arguments lack merit, and the Bank Defendants' motion for interlocutory appeal and stay of discovery should be granted.

## ARGUMENT

**I.  Interlocutory Review of a Motion to Dismiss Decision is Entirely Appropriate**

Town North's principal argument is that, in deciding the motion to dismiss, the Court never determined any "controlling question of law," including the legal requirements for pleading a "duty to speak," because "the Court merely exercised its discretion to determine the sufficiency of pleadings." (Pl.'s Resp. to Bank Defs.' 1292(b) Mot., Dkt. 97 ("Pl.'s 1292(b) Resp."), at 2; see also id. at 6 ("The Court has only ruled that Plaintiff's allegations are sufficiently pleaded to raise claims.").) This argument is wrong for at least two reasons. First, if "determin[ing] the sufficiency of pleadings" were somehow incapable of implicating a "controlling question of law," then there could never be an interlocutory appeal of a motion to dismiss decision. Plainly that is not the case. Interlocutory appeals are routinely based on motion to dismiss decisions, because the assessment of a complaint's adequacy necessarily involves consideration of legal issues – including the legal requirements for pleading particular

causes of action – often resulting in controlling legal determinations.[1]

Second, the Court's denial of the Bank Defendants' motion to dismiss necessarily reached the specific legal question at issue in this motion – i.e., the circumstances under which a "duty to speak" can arise, including whether such a duty requires well-pleaded allegations of a fiduciary or other similar relationship of trust and confidence. The Court explicitly acknowledged, and ultimately rejected, the Bank Defendants' argument that Town North "has not adequately alleged a duty to disclose." (Order at 6, 8.) Because Town North disclaims a fiduciary relationship and pleads only "personal or professional" interactions with the Bank Defendants, in addition to alleged possession of "inside information" (Am. Compl. ¶¶ 12, 15; Pl.'s 1292(b) Resp. at 7-8), the Court necessarily found that these allegations were sufficient to plead an affirmative disclosure obligation. Legal determinations that are essential to a motion to dismiss ruling, even if not expressly stated, are the proper subject of interlocutory review. See In re Tomlin, 2000 WL 1909912, at *1 (explaining that "[t]he bankruptcy court denied Defendant's motion to dismiss, thereby implicitly concluding that Defendant owed a fiduciary duty to Plaintiff," and permitting interlocutory appeal of that implicit legal determination under the same

---

[1] See, e.g., Monk v. Huston, 340 F.3d 279, 281 (5th Cir. 2003) (interlocutory appeal of motion to dismiss denial); Odle v. Wal-Mart Stores Inc., No. 3:11-cv-2954-O, 2013 WL 66035, at *1 (N.D. Tex. Jan. 7, 2013) (permitting interlocutory appeal of motion to dismiss granted in part); In re Tomlin, Nos. 3:00-CV-1161-T, 3:99-35175-HCA-7, 2000 WL 1909912, at *1 (N.D. Tex. Nov. 21, 2000) (permitting interlocutory appeal of bankruptcy court's motion to dismiss denial); Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 22 (2d Cir. 1990) (interlocutory appeal of motion to dismiss denial). Town North also mischaracterizes the evaluation of a 12(b)(6) motion as an exercise of the district court's "discretion." (Pl.'s 1292(b) Resp. at 2.) Adjudication of a 12(b)(6) motion is not a discretionary analysis, but rather a legal determination of the sufficiency and plausibility of the plaintiff's allegations, according to standards set forth by the U.S. Supreme Court. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

standards applicable under 28 U.S.C. § 1292(b)).  The Court's motion to dismiss decision thus squarely presents a "controlling question of law" meriting interlocutory review.[2]

## II.     There are No "Fact-Intensive" Issues Precluding Interlocutory Review

Contrary to Town North's repeated assertions, there are no "fact-intensive" issues precluding interlocutory review.  All facts legally relevant to the Bank Defendants' purported disclosure duty are conceded or not disputed.  Town North concedes that this is a pure omissions case not based on any allegedly affirmative false, misleading, or incomplete statements by the defendants.  (Joint Status Report, Dkt. 90, at 12 ("Plaintiff contends that Defendants made material *omissions* in connection with the sales of different securities to Plaintiff." (emphasis added)); Pl.'s 1292(b) Resp. at 12 ("Defendants are not charged with making the false statements contained in offering documents directly; they are charged with knowing and not disclosing their material nonpublic knowledge . . . .").)  Thus, it is not contested that Town North's claims must be dismissed if it cannot demonstrate an affirmative disclosure obligation on the part of defendants.  (Pl.'s Resp. to Bank Defs.' Mot. to Dismiss, Dkt. 71, at 6-10; Pl.'s 1292(b) Resp. at 11-15.)  Moreover, Town North has repeatedly disclaimed any fiduciary relationship with the Bank Defendants, alleging instead only "personal" or "professional" interactions.  (Am. Compl. ¶¶ 15, 110, 128, 149, and 173; Pl.'s 1292(b) Resp. at 7-8; Joint Status Report at 12 (conceding that a "special relationship of trust and confidence with Plaintiff giving rise to a fiduciary duty" is alleged "only as to Defendant Shay" – i.e., not with respect to the Bank Defendants).)  Based on these concessions, the Bank Defendants submit that no affirmative disclosure obligation can

---

[2] Notably, by arguing that the Court never considered or decided the legal requirements for pleading a duty to disclose (despite ruling that those requirements were satisfied), Town North is necessarily arguing that the Court overlooked an essential component of the required analysis and appears to be inviting the Court to reconsider its decision.

exist as a matter of law, and it is with respect to that *legal* conclusion – not any factual dispute – that the Bank Defendants are seeking interlocutory review. (Bank Defs.' Mem. of Law in Support of 1292(b) Mot., Dkt. 88 ("Bank Defs.' 1292(b) Mem."), at 6-10.)

The purportedly "fact-intensive" issues raised by Town North are legally irrelevant to the Bank Defendants' alleged duty to speak, and Town North's insistence to the contrary only highlights the fundamental legal dispute that needs to be resolved now so as to avoid wasteful and unnecessary discovery. Under Town North's view, the existence of an affirmative disclosure obligation turns on "complicated and disputed facts" regarding the Bank Defendants' understanding of the "mathematical correlation input[s]" and other complex features of the numerous securitizations at issue, the models used to rate these securities and their purported flaws, the "inner workings" and internal communications of the Bank Defendants and their affiliates, and numerous other issues relating to the Bank Defendants' purported possession of material information allegedly withheld from Town North. (Pl.'s 1292(b) Resp. at 7-11.) This argument is fundamentally mistaken. The question of *what* the Bank Defendants or their affiliates supposedly knew, and whether that information was material, has nothing to do with whether there was an affirmative obligation to disclose it. As universally held, including repeatedly by the U.S. Supreme Court, an omission – no matter how material – cannot constitute securities fraud absent an affirmative disclosure obligation. (Bank Defs.' 1292(b) Mem. at 6-7.) And where the defendant has made no affirmative false, misleading, or incomplete statement – as conceded here – no affirmative disclosure obligation arises absent a fiduciary or similar relationship of trust and confidence with the plaintiff. (Id. at 7-9.) Town North may disagree with these propositions as a legal matter (although it cites no contrary authority, as discussed

below), but that only confirms that there is a threshold legal dispute meriting appellate review before the parties undertake massive discovery that the Fifth Circuit is likely to deem irrelevant.[3]

There is similarly no relevant factual dispute regarding the relationship between the Bank Defendants and Town North.  As noted, Town North concedes that none of the Bank Defendants had a "special relationship of trust and confidence with Plaintiff giving rise to a fiduciary duty," (Joint Status Report at 12), and claims only that it had "personal or professional relationships with each Bank Defendant," as alleged in passing, conclusory assertions in its complaint lacking any supporting detail (Pl.'s 1292(b) Resp. at 8, 13; Am. Compl. ¶¶ 15, 110, 128, 149, and 173).  A purported "personal or professional relationship" is not remotely suggestive of anything other than arm's-length dealing, and it is black letter law that arm's-length interactions create no affirmative disclosure obligation.  See, e.g., Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997); Bank Defs.' 1292(b) Mem. at 6-10.  Accordingly, there is no fact-intensive issue regarding the nature of the relationship between Town North and the Bank Defendants, only the legal question of whether Town North's claims can survive absent any alleged fiduciary or fiduciary-like relationship of trust and confidence.

---

[3] Town North concedes that "Rule 10b-5 generally imposes no duty to disclose all material, nonpublic information," unless a party first "chooses to speak," in which case its statements must be "accurate and complete." (Pl.'s 1292(b) Resp. at 12.)  But, Town North then asserts without explanation that the Bank Defendants supposedly had an obligation to provide information regarding the alleged inaccuracy of credit rating opinions supplied by third-party rating agencies, contained in offering documents prepared by certain of the Bank Defendants' affiliates. (Id. at 12-13.)  Town North thus ignores the very rule that it concedes – i.e., that the obligation to speak truthfully and completely arises only with respect to a party's *own* allegedly false or misleading affirmative statements. See Janus Capital Grp., Inc. v. First Derivative Traders, 131 S. Ct. 2296, 2302 (2011) (only the "maker" of a statement is responsible for its accuracy and completeness under Rule 10b-5); North Port Firefighters' Pension-Local Option Plan v. Temple-Inland, Inc., No. 3:11-CV-3119-B, 2013 WL 1263161, at *8-9 (N.D. Tex. Mar. 28, 2013) (same); Bank Defs.' Mot. to Dismiss Pl.'s Am. Compl., Dkt. 64, at 17-19.  Here, Town North disclaims that defendants were the makers of any allegedly false or misleading statements. (See, e.g., Pl.'s 1292(b) Resp. at 12.)

## III.     The Other Requirements for Interlocutory Review are Satisfied

Town North also has no response to the Bank Defendants' showing that there is "substantial ground for difference of opinion" regarding the legal question at issue and that interlocutory review will "materially advance the ultimate termination of the litigation." (Bank Defs.' 1292(b) Mem. at 6-12.)  As to "substantial ground for difference of opinion," the Bank Defendants cited cases from the U.S. Supreme Court, the Fifth Circuit, and elsewhere explicitly rejecting Town North's theory that alleged possession of "inside information," or alleged "personal or professional" interactions with a broker, can create an affirmative disclosure obligation absent a fiduciary or similar relationship of trust and confidence.  (Id. at 6-10.)  Town North simply ignores this case law when it asserts that no court has ever reached the legal question raised by its allegations of a duty to speak. (Pl.'s 1292(b) Resp. at 16.)  Courts have repeatedly considered whether an alleged failure to disclose material information is alone sufficient to create an affirmative disclosure obligation in the context of arm's-length dealing and have repeatedly answered that question in the negative. (Bank Defs.' 1292(b) Mem. at 6-10.) Town North takes no issue with the Bank Defendants' characterization of this case law, and fails to cite a single case indicating that its allegations here are somehow sufficient to plead a duty to speak.[4]  Accordingly, there is at a minimum "substantial ground for difference of opinion" regarding the legal sufficiency of Town North's allegations.

The "material advancement" requirement is also overwhelmingly satisfied.  If Town North is wrong as a legal matter that a duty to speak can arise from alleged possession of inside

---

[4] Town North selectively quotes the U.S. Supreme Court's Chiarella decision (Pl.'s 1292(b) Resp. at 13-15), never acknowledging – let alone addressing – Chiarella's core holding that a duty to disclose arises not from mere possession of inside information, but from the existence of a "fiduciary or other similar relation of trust and confidence" (Chiarella v. United States, 445 U.S. 222, 228; see also id. at 230; Bank Defs.' 1292(b) Mem. at 7).

information coupled with "personal or professional" arm's-length dealing, then there is no set of facts that can be proven in this case to establish liability against the Bank Defendants, and all claims against them will have to be dismissed. The legal viability of Town North's position should thus be settled now, not after protracted and complex discovery in support of a theory that the Fifth Circuit is likely to reject.

Moreover, contrary to Town North's assertion, the "likely and reasonable result" of an interlocutory appeal is not a further amended complaint (Pl.'s 1292(b) Resp. at 18), but rather dismissal with prejudice. Town North has already conceded that none of the Bank Defendants had a "special relationship of trust and confidence with Plaintiff giving rise to a fiduciary duty" (Joint Status Report at 12), and after two opportunities, has only been able to plead "personal or professional" arm's-length dealings with the Bank Defendants (Am. Compl. ¶¶ 15, 110, 128, 149, and 173). If Town North had any information remotely suggesting a fiduciary-like relationship of trust and confidence with any Bank Defendant, the Court can be assured that Town North would already have pleaded it, rather than attempting to premise an alleged disclosure obligation on an unprecedented "insider trading" theory expressly foreclosed by U.S. Supreme Court and other case law. (Bank Defs.' 1292(b) Mem. at 9-10.)

Finally, for the same reasons discussed above, the Court should enter a stay of discovery pending resolution of this motion. It would be a wasted exercise for the parties to begin discovery in the presence of a threshold legal issue likely to render any discovery irrelevant. Interlocutory appeal pursuant to 28 U.S.C. § 1292(b) exists precisely to avoid that type of inefficiency. (Id. at 4-5, 12.)[5]

---

[5] Town North's suggestion that appellate review would be unduly time-consuming – due to a supposedly "mammoth" record on appeal – is misplaced. (Pl.'s 1292(b) Resp. at 19.) The Fifth Circuit need only review Town
(…continued)

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in their opening memorandum, the Bank Defendants' Motion for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Discovery should be granted.

---

(continued…)

North's Amended Complaint – and in particular, paragraphs 15, 110, 128, 149, and 173 – to confirm that Town North has only alleged arm's-length dealings with the Bank Defendants. The Fifth Circuit could then rule quickly as a legal matter that such dealings are incapable of creating a duty to disclose where, as here, the defendants are not alleged to have made any false, misleading, or incomplete statements.

Dated: June 3, 2013

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

_/s/ Ellen Sessions_

Ellen Sessions
State Bar No. 00796282
Rodney Acker
State Bar No. 00830700
Nicholas K. Taunton
State Bar No. 24079439
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Telephone:    (214) 855-8000
Facsimile:    (214) 855-8200
Email: rodney.acker@nortonrosefulbright.com
Email: ellen.sessions@nortonrosefulbright.com
Email: nicholas.taunton@nortonrosefulbright.com

James P. Rouhandeh*
Daniel J. Schwartz*
Paul S. Mishkin*
*admitted *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800
Email: rouhandeh@davispolk.com
Email: daniel.schwartz@davispolk.com
Email: paul.mishkin@davispolk.com

**ATTORNEYS FOR DEFENDANT MORGAN STANLEY & CO. LLC**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

   */s/ Noelle M. Reed*
   Noelle M. Reed
   State Bar No. 24044211
   Heather A. Lohman
   State Bar No. 24027008
1000 Louisiana Street, Suite 6800
Houston, TX 77002-5026
Telephone: (713) 655-5122
Facsimile: (713) 483-9122
Email: Noelle.Reed@Skadden.com
Email: Heather.Lohman@Skadden.com

**ATTORNEYS FOR DEFENDANTS MERRILL LYNCH & CO., INC. & MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

GREENBERG TRAURIG, LLP

 */s/ Stephen C. Carlin*
   Stephen C. Carlin
   State Bar No. 03807700
   Marc D. McPeak
   State Bar No. 24039050
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone:   (214) 665-3600
Facsimile:   (214) 665-3601
Email: carlins@gtlaw.com
Email: mcpeakm@gtlaw.com

   Eric N. Whitney
   State Bar No. 00785241
   Anastasia A. Angelova*
   Richard A. Edlin*
   *admitted *pro hac vice*
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone:   (212) 801-9200
Facsimile:   (212) 801-6400
Email: whitneye@gtlaw.com
Email: angelovaa@gtlaw.com
Email: edlinr@gtlaw.com

   Michael T. Reynolds*
   Kevin J. Orsini*
   *admitted *pro hac vice*
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:   (212) 474-1000
Facsimile:   (212) 474-3700
Email: mreynolds@cravath.com
Email: korsini@cravath.com

**ATTORNEYS FOR DEFENDANT J.P. MORGAN SECURITIES LLC,** *Successor in Interest to Bear Stearns & Co, Inc.*

GIBSON, DUNN & CRUTCHER LLP

*/s/ Brian Edward Robison*
Brian Edward Robison
State Bar No. 00794547
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Telephone:   (214) 698-3370
Facsimile:   (214) 571-2928
Email: BRobison@gibsondunn.com

**ATTORNEYS FOR DEFENDANT UBS FINANCIAL SERVICES, INC.**

## Certificate of Service

I hereby certify that on this 3rd day of June 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ *Nicholas K. Taunton*
Nicholas K. Taunton